1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
     STEVE YURSIK,                                    CASE NO. CV-F-11-01602-LJO-JLT
12
                          Plaintiff,                  **ORDER ON DEFENDANTS' MOTION TO**
13                                                    **STRIKE PORTIONS OF COMPLAINT**
                    vs.                               (Doc. 12)
14
     INLAND CROP DUSTERS INC.,
15   JAY WILSON, an individual, and NOEL
     WILSON, an individual, and Does 1
16   through 20, inclusive.

17                        Defendants.
                                              /
18

19                                   **INTRODUCTION**

20          This action arises out of crop damage allegedly caused by the application of pesticides to Plaintiff

21   Steve Yursik's ("Mr. Yursik's") almond orchard by defendants Inland Crop Dusters Inc., Jay Wilson, and

22   Noel Wilson (collectively "defendants").  Pursuant to Fed. R. Civ. P. 12(f), defendants move to strike

23   from the complaint Mr. Yursik's request for punitive damages and attorney's fees, arguing that Mr.

24   Yursik is not entitled to them as a matter of law.  They also seek to strike an intentional failure to act

25   allegation, arguing that all averments of fraud or mistake must be stated with particularity.  Mr. Yursik

26   contends that he is entitled to punitive damages as a matter of law and that defendants' motion to strike

27   is premature.  Mr. Yursik also contends that he is entitled to attorney's fees as a matter of law and that

28   his fraud allegations were pled with particularity.  Because defendants are challenging the sufficiency

                                                  1

1  of Mr. Yursik's claims without any argument that the claims are redundant, immaterial, impertinent, or

2  scandalous, as required by Fed. R. Civ. P. 12(f), this Court DENIES defendants' motion to strike.

3  ## BACKGROUND[1]

4    Mr. Yursik hired defendants to apply a fungicide to his almond orchard.  Instead of applying the

5  requested fungicide, defendants applied four pesticides: Gramxone, Prowl, Diaron, and Paraquat

6  ("pesticides").  Application of these pesticides caused severe damage to the orchard.  Mr. Yursik lost his

7  crop for the 2010-2011 growing season.  In addition, the damage was permanent in that the damaged trees

8  will never produce at their maximum capacity.

9    Mr. Yursik asserts two causes of action against defendants.  First, he asserts claims for negligence.

10  Mr. Yursik's negligence claim is based on the following allegations: Defendants applied the pesticides

11  without the written recommendation of a licensed Pest Control Advisor and used the pesticides in a way

12  not recommended by their labels, both in violation of the Federal Insecticide, Fungicide, Rodenticide Act

13  ("FIFRA"), 7 U.S.C. § 136 *et seq*.  Mr. Yursik also alleges that once the erroneous application occurred,

14  defendants failed to report the damage to the Environmental Protection Agency, in violation of FIFRA

15  and California's Food and Agriculture Code § 11791.  Mr. Yursik further alleges that defendants

16  knowingly and intentionally failed to report the damage to prevent an investigation into the incident.

17  Second, Mr. Yursik asserts a cause of action for deceit, based on his allegations that after defendants

18  damaged the orchard, they engaged in actions to hide the damage and intentionally failed to report the

19  damages in order to avoid discipline.

20    Mr. Yursik requests general and special damages, lost profits, prejudgment interest, and attorney's

21  fees.  He also requests an award for punitive damages.

22  ### Procedural History

23    On September 19, 2011, Mr. Yursik filed his complaint.  On October 17, 2011, defendants filed

24  the instant motion to strike portions of Mr. Yursik's complaint, pursuant to Fed. R. Civ. P. 12(f).

25  Defendants move to strike Mr. Yursik's request for punitive damages and attorney's fees.  They also

26

27    [1] The background facts are derived from the complaint, unless otherwise noted.  *See S.E.C. v. Sands*, 902 F. Supp.

28  1149, 1165 (C.D. Cal. 1995) ("The grounds for [a] motion [to strike] must appear on the face of the pleading under attack or from matter which the court may judicially notice.").

request to strike the allegations that they intentionally failed to notify governmental agencies regarding the damage to the crops allegedly caused by the pesticides.  On October 27, 2011, Mr. Yursik opposed the motion.  On November 7, 2011, defendants filed their reply.  This Court considered defendants' motion to strike on the record and vacated the November 15, 2011 hearing, pursuant to Local Rule 230(g).  Having considered the parties' arguments and the relevant law, this Court issues this order.

## DISCUSSION

**I. Motion to Strike**

### A. Motion to Strike Standard

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted).  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).  Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.  Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted).

### B. Punitive Damages

Defendants contend that this Court should strike, pursuant to Fed. R. Civ. P. 12(f), Mr. Yursik's request for punitive damages because Mr. Yursik is not entitled to punitive damages as a matter of law.[2] Under Cal. Civ. Code § 3294, a party may recover punitive damages in an action for the breach of an obligation not arising from contract where it is proven by clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice.  The basis for Mr. Yursik's punitive damages claim

---

[2] Specifically, defendants request to strike the prayer for punitive damages on page 5, item 6 of the complaint.

3

1  for relief is that defendants intentionally failed to notify governmental authorities that the pesticides
2  caused the crop damage and engaged in actions to hide the crop damage and its cause.  Defendants
3  contend that these facts, even if true, do not rise to the level of warranting punitive damages.  In
4  opposition, Mr. Yursik contends that because punitive damages can be awarded based on fraudulent
5  conduct, and defendants engaged in fraudulent conduct, he is entitled to punitive damages.

6      The Ninth Circuit has made clear that Fed. R. Civ. P. "12(f) does not authorize district courts to
7  strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone,*
8  *Inc. v. Handi-Craft Co.*, 618 F.3d 974-75 (9th Cir. 2010).  The proper vehicle for disposing of such claims
9  would be a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or a motion for summary judgment,
10 pursuant to Fed. R. Civ. P. 56.  *Id*. at 974.  For this reason, this Court DENIES defendants' improperly
11 raised motion to strike Mr. Yursik's request for punitive damages.

12      **C. Attorney's Fees**

13      Defendants contend that this Court should strike Mr. Yursik's request for attorney's fees because
14 Mr. Yursik has failed to cite to a contract term or statute that would entitle him to attorney's fees.[3]  In
15 opposition, Mr. Yursik contends that California law authorizes attorney's fees where the case confers a
16 significant benefit to the public.  Mr. Yursik contends that the significant benefit to the public here, is the
17 safe and authorized use of dangerous chemicals.  In reply, defendants contend that no significant benefit
18 will flow to the general public because this case does not seek to remedy a pattern of behavior that
19 negatively affects the general public rather, it seeks compensation for an alleged one-time incident of
20 simple negligence.

21      Fed. R. Civ. P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any
22 redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Allegations to be struck
23 must fit one of the specified categories.  *See Whittlestone*, 618 F.3d at 973-74.  Defendants fail to
24 establish that Mr. Yursik's request for attorney's fees falls into any of the five categories articulated in
25 Fed. R. Civ. P. 12(f).  Defendants' motion to strike Mr. Yursik's request for attorney's fees is based
26 entirely on whether Mr. Yursik's request was pled sufficiently.  In defendants' motion, they contend that

27

28
   [3]  Specifically, defendants request to strike the prayer for attorney's fees on page 4, item 5 and on page 5, item 5 of the complaint.

Mr. Yursik has failed to cite to a contract term or statute that would entitle him to attorney's fees. Defendants are challenging the sufficiency of Mr. Yursik's request for attorney's fees without any argument that the claims are redundant, immaterial, impertinent, or scandalous. The proper vehicle for challenging the sufficiency of an allegation in a complaint is a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and not a motion to strike, pursuant to Fed. R. Civ. P. 12(f). Accordingly, this Court DENIES defendants' improperly raised motion to strike Mr. Yursik's request for attorney's fees.

### D. Intentional Failure to Act Allegation

In Mr. Yursik's second cause of action for deceit, he alleges that:

> [D]efendants . . . engaged in actions to hide the damage to plaintiff's orchard, and intentionally failed and refused to notify the governmental agencies of the damage to avoid any discipline of them. Said failure to notify the governmental agencies was an intentional failure to act in direct disregard of the rights of the plaintiff, and thereby the plaintiff is entitled to an award of punitive damages.

Defendants contend that this Court should strike the word "intentionally" from the allegation that they intentionally failed to report the damage to the appropriate governmental agencies to avoid discipline.[4] They also argue that this Court should strike the sentence that reads, "Said failure to notify the governmental agencies was an intentional failure to act in direct disregard of the rights of the plaintiff, and thereby the plaintiff is entitled to an award of punitive damages."[5] Defendant asserts that the Court should strike these allegations because under Fed. R. Civ. P. 9(b) all averments of fraud or mistake must be stated with particularity. In Mr. Yursik's opposition, he argues that defendants' actions clearly satisfy the California Code of Civil Procedure's definition for fraud and were therefore, pled with particularity.

Although "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), defendants have failed to explain how a motion to strike is the appropriate vehicle for making their Fed. R. Civ. P. 9(b) argument. Fed. R. Civ. P. 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Allegations to be struck must fit one of the

---

[4] Specifically, defendants request to strike the word "intentionally" from page 5, line 7 of the complaint.

[5] This sentence appears on page 5, lines 9-11 of the complaint.

1  specified categories. *See Whittlestone*, 618 F.3d at 973-74.  Defendants fail to establish that either of the

2  allegations defendants seek to strike fall into any of the five categories articulated in Fed. R. Civ. P. 12(f).

3       Defendants' motion to strike Mr. Yursik's allegations improperly challenges the sufficiency of

4  the pleading.  Defendants' challenge to paragraph 20 of the complaint is based entirely on whether Mr.

5  Yursik's request for punitive damages was pled sufficiently.  In defendants' motion, they explain that

6  under Cal. Civ. Code § 3294 an individual is entitled to punitive damages if it is proven by clear and

7  convincing evidence that the defendant is guilty of fraud.  Defendants also point out that under Fed. R.

8  Civ. P. 9(b), all averments of fraud must be stated with particularity.  Defendants contend that the

9  allegations in paragraph 20, that defendants fraudulently concealed the damage from the government,

10  were not pled with particularity.  They also contend that because the allegations do not rise to the level

11  of warranting punitive damages under Cal. Civ. Code § 3294, Mr. Yursik is not entitled to punitive

12  damages.  Defendants are challenging the sufficiency of Mr. Yursik's request for punitive damages

13  without any argument that the claims are redundant, immaterial, impertinent, or scandalous.  The proper

14  vehicle for challenging the sufficiency of an allegation in a complaint is a motion to dismiss, pursuant

15  to Fed. R. Civ. P. 12(b)(6), and not a motion to strike, pursuant to Fed. R. Civ. P. 12(f).  Accordingly, this

16  Court DENIES defendants' improperly raised motion to strike the intentional failure to act allegations

17  in paragraph 20 of the complaint.[6]

18                    **CONCLUSION AND ORDER**

19       For the reasons discussed above, this Court DENIES defendants' motion to strike.  This ruling

20  does not preclude a Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56 motion on the same issues at a later

21  time.

22

23

24  IT IS SO ORDERED.

25  **Dated:   November 16, 2011            /s/ Lawrence J. O'Neill**

26  _____

27       [6] Specifically, this Court DENIES defendants' request to strike the word "intentionally" from page 5, line 7 of Mr. Yursik's complaint.  This Court also DENIES defendants' request to strike the following sentence in paragraph 20 of the complaint: "Said failure to notify the governmental agencies was an intentional failure to act in direct disregard of the rights

28  of the plaintiff, and thereby the plaintiff is entitled to an award of punitive damages."

1                              UNITED STATES DISTRICT JUDGE